**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**            **CASE NO: 6:12-cr-53-Orl-31TBS**

**WILLIE JEROME SANDERS**

**MEMORANDUM OPINION**

Defendant, Willie Jerome Sanders, came before the Court for sentencing at which time he contested the predicate offenses used to score him as an armed career criminal. On December 11, 2012, the Court conducted an evidentiary hearing on this issue and both parties have filed memorandums (Docs. 74 & 75). Upon consideration of the evidence and arguments of the Parties, the Court finds that the government has met its burden.

For the purpose of sentence enhancement, the government need only show by a preponderance of the evidence that the defendant had been convicted of the predicate offenses. *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004). That is a matter of fact to be determined by the district court, and can be based on "any information (including hearsay), regardless of its admissibility at trial, . . . provided that the information is sufficiently reliable." *United States v. Wilson*, 183 F.3d 1291, 1301 (11th Cir. 1999) (citation omitted).

There are three predicate offenses at issue, one for robbery without a firearm and two separate convictions for the sale of cocaine. In this case, the government produced the

certified copies of judgment for each of the three prior convictions. All three were in Defendant's name, from the county where he was "born and raised." Some contained additional information linking them to the Defendant, including his date of birth, social security number, and signature. Additionally, the government presented two witnesses, ATF Special Agent William Sheldon ("SA Sheldon"), and Seminole County Sheriff's Office Latent Fingerprint Analyst Kristen Bentsen ("Bentsen"). SA Sheldon testified that he gathered biographical information from Defendant at the time of his arrest in this case—including his name, date of birth, social security number, and fingerprints. According to SA Sheldon, the biographical information on the prior convictions matched the Defendant, including his name, date of birth, and social security number.

The government's second witness, Bentsen, testified that Defendant's fingerprints matched those taken from the defendant in the prior cases. Upon cross-examination, however, she could not specifically recall how she reached her conclusions. She explained her methodology and general practice, but did not take any notes or have any memory of her analysis in this case.1 Although it would not pass muster under a Rule 702 analysis, Bentsen's testimony is sufficiently reliable here when viewed in the context of other evidence linking the Defendant with these prior offenses. It is therefore,

**ORDERED** that Defendant's objection to scoring these predicate offenses is **OVERRULED**. Defendant's pending ore tenus motion (Doc. 70) is **DENIED AS MOOT**.

---

1 As expressed at the hearing, the Court has some concern about the reliability of this testimony; taken by itself, it would likely be insufficient to establish Defendant's connection to the predicate offenses.

**DONE** and **ORDERED** in Chambers, Orlando, Florida, on January 8, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record